# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Beverly Chapman,** | **Case No. 1:18cv1616** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge James R. Knepp** |
| **Andrew Saul,** | |
| **Commissioner of Social** | |
| **Security**[1] | **MEMORANDUM OPINION AND** |
| | **ORDER** |
| **Defendants.** | |

This matter is before the Court on the Objection of Plaintiff Beverly Chapman ("Plaintiff" or "Chapman") to the Report and Recommendation of Magistrate Judge James R. Knepp regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Doc. No. 21 .)

For the reasons that follow, the Report & Recommendation ("R&R") is ADOPTED IN PART and REJECTED IN PART, as follows. The Court declines to adopt the R&R insofar as it deems waived Plaintiff's argument that the RFC was not supported by substantial evidence because the ALJ failed to accommodate the opinions of Drs. Flowers and Hill that Plaintiff had a limited ability to perform multi-step tasks. In all other respects, the R&R is adopted.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

# I.     Background

In May 2015, Plaintiff filed her application for DIB, alleging a disability onset date of July 3, 2012. (Doc. No. 12 (Transcript ["Tr."] ) at 15. )  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*Id.*) On May 17, 2017, the ALJ conducted a hearing at which Plaintiff was represented by counsel and testified.  (*Id.*)  A vocational expert ("VE") also testified.  (*Id.*)  On October 4, 2017, the ALJ found Plaintiff was not disabled. (Tr. 15-30.)  The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision.  Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation.  The R & R concludes that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed.  (Doc. No. 20.) Plaintiff filed an Objection to the R & R, to which the Commissioner responded.  (Doc. Nos. 21, 22.)

Plaintiff raises one objection to the R & R, i.e., that the Magistrate Judge erred in finding that Plaintiff waived her argument with respect to the ALJ's assessment of the medical opinions of state agency psychological consultants Drs. Flowers and Hill.  (Doc. No. 21.)  The Court has conducted a *de novo* review of the issues raised in Plaintiff's Objections.

# II.     Analysis

## A.     Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL

532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926 at *1). *See also* Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[2] 20 C.F.R. § 404.1520.

---

[2] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**B.      Plaintiff's Objection to the R&R[3]**

Plaintiff's sole objection is that the Magistrate Judge erred in finding that she waived her argument with respect to the ALJ's assessment of the medical opinions of state agency psychological consultants Drs. Flowers and Hill. (Doc. No. 21.) The Commissioner argues the Magistrate Judge

---

[3] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

correctly concluded that Plaintiff raised an entirely new argument for the first time in her Reply Brief and properly refused to consider it. (Doc. No. 22.)

The record reflects the following. Plaintiff filed her opening Brief on the Merits on November 6, 2018, in which she challenged the ALJ's decision on numerous grounds. (Doc. No. 14.) At that time, she was represented by attorney John Oreh, who had also represented her during administrative proceedings before the ALJ. In her opening Brief, Plaintiff argued, among other things, that the ALJ's assessment of the opinions of Drs. Flowers and Hill is flawed because the ALJ failed to consider that each of these psychologists offered a "guarded prognosis." (Doc. No. 14 at 21.) Plaintiff also argued that it was inconsistent for the ALJ to discount the opinion of another physician (Dr. Misja) because it lacked specific functional limitations but give "great weight" to the opinions of Drs. Flower and Hill who similarly did not offer any specific functional limitations. (*Id.* at 20.) The Commissioner filed a Brief in Opposition addressing these arguments. (Doc. No. 17.)

Attorney Matthew J. Shupe subsequently entered an appearance on Plaintiff's behalf. (Doc. No. 16.) In February 2019, Plaintiff (through Mr. Shupe) filed a Reply Brief. (Doc. No. 19.) Therein, Plaintiff argued remand was required because, although the ALJ assigned "great weight" to the opinions of Drs. Flowers and Hill, the RFC finding does not accommodate those physicians' opinions that she should avoid jobs requiring multi-step tasks. (*Id.* at 2-3.)

Magistrate Judge Knepp issued his R&R on July 2, 2019, recommending that the decision of the Commissioner denying Plaintiff's application for benefits be affirmed. (Doc. No. 20.) With regard to Plaintiff's argument that the RFC was not supported by substantial evidence because it failed to accommodate Drs. Flowers' and Hill's opinions that she should avoid multi-step tasks, Magistrate Judge Knepp determined this argument was separate and distinct from the arguments

raised in Plaintiff's opening Brief. (*Id.* at 33.) He determined that "because Plaintiff did not raise this specific argument to the Court initially, it was waived and cannot be raised for the first time in a reply brief." (*Id.*) The Magistrate Judge, therefore, declined to address it.

In her Objection, Plaintiff admits that, in her opening Brief, "prior counsel [Mr. Oreh] did not cite to the same specific inconsistencies between the opinions of Dr. Flowers and Dr. Hill and the ALJ's RFC finding." (Doc. No. 21 at 3.) However, she maintains the argument that was raised by Mr. Oreh in her opening Brief was "very similar" to the argument raised in the Reply Brief and, as such, did not constitute a "separate and distinct" argument as found by the Magistrate Judge Knepp. (*Id.*) Plaintiff further notes that Mr. Oreh drafted and filed Plaintiff's opening Brief on the Merits two weeks after finding out his cancer was inoperable. (*Id.*) Plaintiff notes that her new counsel, Mr. Shupe, was appointed after Mr. Oreh closed his practice and "first had an opportunity to argue the case in Plaintiff's Reply Brief." (*Id.*) In light of these unique circumstances, she asks the Court to consider Plaintiff's argument regarding the RFC's failure to accommodate the opinions of Drs. Flowers and Hill that she should avoid multi-step tasks. (*Id.*)

The Commissioner asserts Magistrate Judge Knepp properly concluded that Plaintiff waived this issue by failing to raise it in her opening Brief. (Doc. No. 22.) He asserts that the issue raised in Plaintiff's Reply Brief is "an entirely new and different argument" and not a mere clarification or expansion of the arguments raised in her opening Brief. (*Id.*) The Commissioner further maintains that the fact that Plaintiff changed counsel should not excuse her failure to timely raise this issue, noting that Mr. Oreh raised "numerous other diverse and developed arguments in the opening brief . . . but opted not to raise the new argument she would like this Court to consider presently." (*Id.* at 2-3.)

As an initial matter, the Court agrees with the Magistrate Judge that the specific issue first raised in Plaintiff's Reply Brief (i.e., that the RFC lacks the support of substantial evidence because it failed to accommodate certain opinions of Drs. Flowers and Hill) is separate and distinct from the issues raised in Plaintiff's opening Brief regarding those psychologists' opinions. While it is true that both arguments generally involve the ALJ's evaluation of Dr. Flowers' and Hill's opinions, the Court finds they clearly raise distinct issues. Indeed, resolving the issue of whether the RFC is supported by substantial evidence because it failed to accommodate the opinion that Plaintiff should avoid multi-step tasks, entails an entirely different analysis from resolving whether the ALJ erred in his evaluation of these psychologists' opinions that Plaintiff had a "guarded prognosis." Accordingly, the Court rejects Plaintiff's argument that the newly raised issue in her Reply Brief was merely a "clarification" of the arguments raised in her opening Brief.

The question, then, is whether the Court should consider this issue despite Plaintiff's failure to timely raise it in her opening Brief. As the Magistrate Judge correctly noted, it is well within a court's discretion to decline to consider issues that are raised for the first time in a parties' reply brief. *See e.g., United States v. Jerkins*, 871 F.2d 598, 601 (6th Cir. 1989); *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 676 (6th Cir. 2006). *See also Werme v. Mortgage Center*, 764 Fed. Appx. 521, 523 (6th Cir. March 20, 2019); *Hunt v. Big Lots Stores, Inc.,* 244 F.R.D. 394, 397 (N.D. Ohio 2007); *Sundberg v. Keller Ladder*, 189 F.Supp.2d 671, 682-83 (E.D. Mich. 2002). Under the unique circumstances presented, however, the Court finds justice would best be served by re-referring this matter to the Magistrate Judge for consideration of the narrow issue newly raised in Plaintiff's Reply Brief; i.e., whether the RFC lacks the support of substantial evidence because it failed to accommodate the opinions of Drs. Flowers and Hill that Plaintiff should avoid multi-step tasks.

As noted above, at the time she filed her opening Brief, Plaintiff's prior counsel (Mr. Oreh) was dealing with significant personal and health issues. Plaintiff's new counsel, Mr. Shupe, had no involvement in her case until after prior counsel had already filed the Brief on the Merits. As such, Plaintiff's Reply Brief constituted Mr. Shupe's first opportunity to evaluate and brief the issues raised by her appeal. Certainly, it would have been better practice for Mr. Shupe to file a motion for leave to raise any new issues he wished to raise on his client's behalf. Had he done so, the Magistrate Judge could have evaluated the motion and ordered supplemental briefing at that time, thereby allowing the Commissioner a full and fair opportunity to respond.

That being said, the Court is not inclined to punish Ms. Chapman for the errors and omissions of her current counsel, particularly where (as here) her prior counsel may have been understandably preoccupied at the time he filed Plaintiff's Brief on the Merits. Moreover, the issue identified by Mr. Shupe is not insignificant. As noted in Plaintiff's Reply Brief, the ALJ assigned "great weight" to the opinions of Drs. Flowers and Hill but then failed to include limitations in the RFC relating to their opinions that she had a limited ability to perform multi-step tasks (such as a limitation to simple, routine tasks, or a limit to 2 to 3 step tasks.)[4] Nor did the ALJ ask the VE regarding the effect of such a limitation on Plaintiff's ability to perform various jobs.

In light of these circumstances, the Court finds judicial review of the issue newly raised in Plaintiff's Reply Brief is warranted. Plaintiff's counsel is cautioned, however, that failing to timely raise issues in an opening brief is a waste of judicial resources and strongly discouraged.[5] While the

---

[4] The Court notes that state agency reviewing psychologist Deryck Richardson, Ph.D., reviewed Plaintiff's medical records and concluded she was "capable of carrying out and understanding 2 – 3 step tasks." (Tr. 113.)

[5] As an experienced attorney in this Court, Mr. Shupe should be well aware that it is not appropriate to raise issues for the first time in a reply brief. Indeed, he has been expressly warned about this practice in at least one previous case. *See*

Court will allow consideration of this issue in light of the specific facts of this particular case, the Court will not look kindly on any future attempts to raise issues for the first time in a reply brief.

## III.    Conclusion

For all of the foregoing reasons, Plaintiff's Objection (Doc. No. 21 ) is granted.  The R&R is ADOPTED IN PART and REJECTED IN PART, as follows.  The Court declines to adopt the R&R insofar as it deems waived Plaintiff's argument that the ALJ's RFC was not supported by substantial evidence because the ALJ failed to accommodate the opinions of Drs. Flowers and Hill that Plaintiff had a limited ability to perform multi-step tasks.  In all other respects, the R&R is adopted.[6]

This matter will be re-referred to the Magistrate Judge for the limited purpose of considering the narrow issue newly raised in Plaintiff's Reply Brief, identified above.  The Magistrate Judge shall order supplemental briefing from the Commissioner with respect to this issue, and submit a Supplemental R&R limited to consideration of this sole issue.

**IT IS SO ORDERED.**


         _s/Pamela A. Barker_
         PAMELA A. BARKER
Date:  August 12, 2019         U. S. DISTRICT JUDGE

---

*Horvater v. Colvin*, 2013 WL 4523502 at fn 3 (N.D. Ohio Aug. 26, 2013).  Were it not for the exceptional circumstances present herein, the Court would likely not have considered the issue newly raised in Plaintiff's Reply Brief.

[6] By failing to raise objections to any other aspect of the Magistrate Judge's July 2, 2019 R&R (Doc. No. 20), the Court deems such objections waived.  Accordingly, Plaintiff is advised that, in the event the Magistrate Judge recommends affirmance of the ALJ decision in his Supplemental R&R, the Court will only consider objections relating to the issue of whether the RFC is supported by substantial evidence because the ALJ failed to accommodate the opinions of Drs. Flowers and Hill that Plaintiff had a limited ability to perform multi-step tasks. The Court will not, under any circumstances, consider objections relating to any other aspect of the Magistrate Judge's July 2, 2019 R&R.