# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **BEVERLY CHAPMAN,** | Case No. 1:18 CV 1616 |
| Plaintiff, | Judge Pamela A. Barker |
| v. | Magistrate Judge James R. Knepp II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **SUPPLEMENTAL**<br>**REPORT AND RECOMMENDATION** |

### INTRODUCTION

Plaintiff Beverly Chapman ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision to deny disability insurance benefits ("DIB"). (Doc. 1). The district court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). This matter had been referred to the undersigned for preparation of a report and recommendation pursuant to Local Rule 72.2. (Non-document entry dated July 13, 2018).

On July 2, 2019, the undersigned issued a Report and Recommendation ("R&R") to the Honorable Pamela A. Barker recommending the Commissioner's decision be affirmed. (Doc. 20). Within the R&R, the undersigned concluded, *inter alia*, that Plaintiff attempted to improperly raise an entirely new argument in her Reply brief (Doc. 19). *Id.* at 33. The undersigned did not consider the newly raised argument after concluding it was waived. *Id.* On July 16, 2019, Plaintiff filed an objection to the R&R wherein she stated the original attorney assigned to her case died and new counsel only had a first opportunity to brief the case at the Reply stage; she asked the Court to remand the Commissioner's decision or, alternatively, order supplemental briefing to permit the Commissioner the opportunity to respond to this new argument. (Doc. 21). The Commissioner

responded in opposition, arguing the undersigned correctly concluded Plaintiff raised a new argument in her Reply and properly refused to consider it. (Doc. 22).

On August 12, 2019, Judge Barker issued a Memorandum Opinion and Order, wherein she referred the matter back to the undersigned for consideration of the single, narrow, issue raised for the first time in Plaintiff's Reply brief. (Doc. 23, at 7). Pursuant to Judge Barker's Order, the undersigned directed the Commissioner to produce a supplemental brief on the issue (Doc. 24), which he filed on September 11, 2019 (Doc. 26). This Supplemental Report and Recommendation follows. Following review, and for the reasons stated below, the undersigned recommends the decision of the Commissioner be affirmed.

## PROCEDURAL AND FACTUAL BACKGROUND

The undersigned incorporates by reference the factual and procedural background as set forth in the first R&R in this case. *See* Doc. 20, at 1-14.

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn

"so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

STANDARD FOR DISABILITY

Eligibility for benefits is predicated on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process—found at 20 C.F.R. § 404.1520—to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters,* 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The ALJ considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and

meets the duration requirements, is she determined to be disabled. 20 C.F.R. § 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529.

**DISCUSSION**

On August 12, 2019, Judge Barker issued a Memorandum Opinion and Order, wherein she "agree[d] with the Magistrate Judge that the specific issue first raised in Plaintiff's Reply Brief . . . is separate and distinct from the issues raised in Plaintiff's opening Brief[.]" (Doc. 23, at 7). Accordingly, Judge Barker "reject[ed] Plaintiff's argument that the newly raised issue in her Reply Brief was merely a 'clarification' of the arguments raised in her opening Brief." *Id*. After considering Plaintiff's unique representation circumstances, however, Judge Barker concluded "justice would be best served by re-referring this matter to the Magistrate Judge for consideration of the narrow issue newly raised in Plaintiff's Reply Brief; i.e., whether the RFC lacks the support of substantial evidence because it failed to accommodate the opinions of Drs. Flowers and Hill that Plaintiff should avoid multi-step tasks." *Id*.[1]

At this juncture, therefore, the undersigned addresses only Plaintiff's narrow allegation that the ALJ failed to incorporate into the RFC a restriction against multi-step tasks based on the opinions of Drs. Flowers and Hill. The Commissioner argues the ALJ's decision in this regard is supported by substantial evidence. After consideration, and for the reasons contained herein, the undersigned finds no error and recommends the decision of the Commissioner be affirmed.

RFC

A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ must consider all symptoms and the extent

---

1. Finally, Judge Barker noted that, by failing to raise objections to any other aspect of the undersigned's R&R (Doc. 20), she deemed any such objections waived. (Doc. 23 at 9, n.6).

4

to which those symptoms are consistent with the objective medical evidence *Id.* §§ 404.1529, 416.929. While an ALJ must also consider and weigh medical opinions, the RFC determination is expressly reserved to the Commissioner. *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004); 20 C.F.R. §§ 404.1527, 404.1546, 416.927, 416.946. The Court must affirm "so long as substantial evidence also supports the conclusion reached by the ALJ" even if substantial evidence or indeed a preponderance of the evidence *also* supports a claimant's position. *Jones*, 336 F.3d at 477.

Here, the ALJ found Plaintiff had the residual functional capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) except for the following limitations. The claimant can perform occasional left overhead reaching. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can have no exposure to hazards such as unprotected heights or moving mechanical parts. The claimant must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants. The claimant cannot perform work involving fast paced or high production quota standards. The claimant can have occasional and superficial interaction with supervisors and coworkers, meaning no arbitration, mediation, confrontation, negotiations, supervising others, or commercial driving. The claimant can have no interaction with the public. The claimant can tolerate few changes in the work setting, defined as occasional.

(Tr. 19).

Plaintiff contends that missing from this RFC is a limitation that she avoid jobs requiring multi-step tasks. (Doc. 19, at 3-4). In support, she states that Drs. Flowers and Hill each concluded she should avoid such tasks. *Id.* (citing Tr. 300, 318). At the outset, the undersigned notes that neither provider offered such a blanket prohibition. For example, Dr. Flowers opined "there were *some* deficits on the mental status examination indicating that her ability to perform multi-step tasks is *likely limited*." (Tr. 300) (emphasis added). Dr. Hill concluded Plaintiff "appear[s] limited in her ability to . . . perform *some* multi-step tasks relative to *her description of symptom distress regarding her depressive and anxiety related symptoms.*" (Tr. 318) (emphasis added). As evidence

5

Plaintiff could perform *some* multi-step tasks, Dr. Hill noted Plaintiff "has a valid driver's license and suggests that she is able to dress, bathe, and groom herself, but does so less frequently." *Id*. Further, Dr. Flowers noted her limitation was based upon Plaintiff's self-reported symptoms, stating: "[t]he claimant has worked jobs in the past that have required her to do multi-step tasks, although *reported she has been having difficulty* doing multi-step tasks at work within the past few years." *Id*. (emphasis added). With the multi-step task limitation, thus, each provider used qualified language and based her opinion on Plaintiff's subjectively-reported symptoms. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (upholding ALJ's decision to decline to assign controlling weight to a treating source where the opinion was was based solely on a plaintiff's subjective symptoms).

As discussed in the undersigned's first R&R, the ALJ's decision to assign great weight to the opinions from Drs. Flowers and Hill is supported by substantial evidence. (Doc. 20, at 23-26). However, even after assigning great weight to each, the ALJ was not required to adopt these opinions verbatim, including every limitation proffered. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (an ALJ "is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding."); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 276 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinion verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *Moore v. Comm'r of Soc. Sec.*, 2013 WL 6283681, at *7-8 (N.D. Ohio) ("The ALJ giving 'great weight' to [consultative examiner] Dr. Saghafi's opinion did not require him to adopt the stated limitation related to Moore's inability to operate hand and foot controlled devices more than occasionally."). Moreover, because Drs. Flowers and Hill are not treating sources, the heightened "good reasons" requirement

does not apply; therefore, the ALJ was not required to include, or even explain, his omission of this limitation. *Ferguson v. Comm'r of Soc. Sec.*, 2019 WL 2414684, at \*5 (S.D. Ohio) ("Nor, as the case law above makes clear, was the ALJ required to explain why he did not adopt their opinions in full.") (citing *Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 259 (6th Cir. 2016)) And, as noted, while an ALJ must consider and weigh medical opinions, the RFC determination is *exclusively* reserved to the Commissioner. *Ford*, 114 F. App'x at 198.

Importantly, the RFC here is supported by substantial evidence because the ALJ formulated his RFC based upon the overall record, including notes from treatment providers where Plaintiff was found to be limited, but not severely so. (Tr. 22) ("[h]owever, the overall record does not support she is as limited as alleged"). For example, Plaintiff's counselor, Ms. Brown, noted Plaintiff reported anxiety symptoms (Tr. 323, 332, 336, 340, 348, 356, 364-65), depression symptoms (Tr. 336, 344), and difficulties with social situations (Tr. 323, 332, 364-65); on examination, however, she also consistently found Plaintiff had an appropriate affect, good concentration, and good or fair judgment. (Tr. 330, 334, 338, 342, 346, 350, 354, 358, 362). Further, in his opinion, the ALJ noted improvements in Plaintiff's condition, explaining, "even her treating psychiatrist noted improvement in mood and affect through 2016." (Tr. 22) (citing Dr. Thysseril's records at Tr. 403, 408, 423, 456). The ALJ also noted Plaintiff had better symptom control with medications. *Id.* (citing Tr. 269, 296, 312, 316). He also recognized Dr. Thysseril consistently assigned Plaintiff GAF scores of 60 or 65 from April to November 2016. (Tr. 23) (citing Tr. 389, 394, 399, 404, 409, 414, 419, 424, 457, 462, 467, 472, 477). In so doing, Dr. Thysseril expressed his opinion that Plaintiff exhibited mild or moderate symptoms. *See* Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed., Text Rev.

2000) (GAF score of 51-60 indicates moderate symptoms; GAF score of 61-70 indicates mild symptoms).

An RFC is assessed based upon "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Here, the ALJ thoroughly examined the record, including the opinions and treatment notes of all providers, and formulated Plaintiff's RFC based upon this evidence. The ALJ also adopted several aspects of the opinions of Drs. Flowers and Hill and incorporated them into the mental RFC. *See* Tr. 19 (RFC finding that Plaintiff can have "occasional and superficial interaction with supervisors and coworkers, meaning no arbitration, mediation, confrontation, negotiations, supervising others, or commercial driving. . . no interaction with the public. . . can tolerate few changes in the work setting, defined as occasional."). The undersigned therefore concludes that the RFC – including the omission of a multi-step task limitation – is supported by substantial evidence and recommends the Commissioner's decision be affirmed.

### CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the undersigned finds the ALJ's omission of a multi-step task limitation from the RFC was not error. Therefore, the Commissioner's decision denying DIB supported by substantial evidence and recommends the decision be affirmed.


 s/James R. Knepp II
United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).