# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Beverly Chapman, | Case No. 1:18cv1616 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | Magistrate Judge James R. Knepp II |
| Andrew Saul, Commissioner of Social Security, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

This matter is before the Court upon the Supplemental Report and Recommendation of Magistrate Judge James R. Knepp II (Doc. No. 27), recommending that the decision of the Commissioner be affirmed. Plaintiff Beverly Chapman has indicated she will not be filing objections. (Doc. No. 28.) For the following reasons, the Supplemental Report and Recommendation is ADOPTED and the decision of the Commissioner is AFFIRMED.

## I. Background

On July 13, 2018, Plaintiff Beverly Chapman filed a Complaint (Doc. No. 1) challenging the final decision of the Defendant, Andrew Saul, Commissioner of Social Security ("Commissioner"),[1] denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381 *et seq*. ("Act"). Pursuant to Local Rule 72.2(b), the case was referred to Magistrate Judge Knepp.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

On July 2, 2019, the Magistrate Judge issued a Report and Recommendation, in which he found that (1) the ALJ properly evaluated the medical opinion evidence; and (2) the ALJ's Step Three analysis was supported by substantial evidence. (Doc. No. 20.) The Magistrate Judge also found that Plaintiff waived an argument newly raised in her Reply Brief regarding the ALJ's assessment of the medical opinions of state agency psychologists Drs. Flowers and Hill, and declined to address it. (*Id.*) The Magistrate Judge, therefore, recommended that the decision of the Commissioner denying Plaintiff's application for benefits be affirmed. (*Id.*)

Plaintiff filed an Objection on July 16, 2019. (Doc. No. 21.) Her sole objection was that the Magistrate Judge erred in finding she had waived her argument regarding the ALJ's assessment of the opinions of Drs. Flowers and Hill. (*Id.*) Under the unique circumstances presented,[2] the Court found judicial review of the issue newly raised in Plaintiff's Reply Brief regarding Drs. Flowers and Hill was warranted. (Doc. No. 23.) The Court therefore re-referred the matter to the Magistrate Judge for the limited purpose of considering the narrow issue newly raised in Plaintiff's Reply Brief. (*Id.*)

On August 14, 2019, Magistrate Judge Knepp ordered the Commissioner to submit supplemental briefing responding to the narrow issue identified above. (Doc. No. 24.) The Commissioner submitted her supplemental brief on September 11, 2019. (Doc. No. 26.)

On October 23, 2019, Magistrate Judge Knepp issued a Supplemental Report and Recommendation, in which he recommended that the decision of the Commissioner be affirmed.

---

[2] As explained in this Court's August 12, 2019 Memorandum Opinion & Order, Plaintiff's opening Brief on the Merits was filed by attorney John Oreh, who was suffering from cancer at the time and subsequently passed away. (Doc. No. 23.) Plaintiff's Reply Brief was filed by her new counsel, who elected to raise a new argument regarding the ALJ's assessment of the opinions of Drs. Flowers and Hill. (*Id.*)

2

(Doc. No. 27.) On October 28, 2019, Plaintiff filed a Response, stating that she will not be filing Objections to the Supplemental Report and Recommendation. (Doc. No. 28.)

## II. Standard of Review

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

## III. Analysis and Conclusion

Here, as stated above, Plaintiff has indicated she will not be filing objections to the Supplemental Report and Recommendation of Magistrate Judge Knepp that the decision of the Commissioner be affirmed. This Court has nonetheless carefully and thoroughly reviewed the Supplemental Report and Recommendation, and agrees with the findings set forth therein. The

Supplemental Report and Recommendation of Magistrate Judge Knepp is, therefore, ADOPTED, and the decision of the Commissioner denying Plaintiff's application for DIB is AFFIRMED.

**IT IS SO ORDERED.**

Date:  October 29, 2019

_s/Pamela A. Barker_
PAMELA A. BARKER
U. S. DISTRICT JUDGE